UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MUNGER,

Plaintiff, on behalf of himself and others similarly situated,

-vs.-

**CLASS ACTION**
**DEMAND FOR JURY TRIAL**

FINANCIAL CREDIT SERVICE, INC
d/b/a Asset Recovery Associates, Inc
("ARA, INC.")
a foreign corporation,

Defendants

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Michael Munger, on behalf of himself and others similarly situated, and represented by his attorneys, Roy, Shecter & Vocht, P.C., The Parnell Firm, P.L.L.C., and O'Mara Law Firm, P.C., complains:

## JURISDICTION

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

2. Plaintiff, Michael Munger, is a citizen of the State of Michigan.

3. Defendant, Financial Credit Service Inc ["FCS"] d/b/a "Asset Recovery Associates Inc." is a foreign company that maintains its registered offices in Lombard, Illinois.

4. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

**COMMON ALLEGATIONS**

5. Personal jurisdiction and venue are proper in the Eastern District of Michigan.

6. FCS purchases portfolios of old debts from other debt purchasers for less than face value. It then attempts to collect the old debts by sending consumers a form "fill-in the blank" letter offering to take a discount on the debt under a proposed payment plan or lump sum arrangement. Omitted from these form letters is the date a debt was incurred or the date of the consumer's last payment on the alleged debt.

7. FCS contacted Mr. Munger via telephone on January 13, 2016. FCS demanded payment on a Mastercard account Mr. Munger was alleged to have with Chase Bank.

8. The only credit card that Mr. Munger has is a Visa card issued by Chase Bank to him in 2008. That card is current and in good standing.

9. Mr. Munger has had no other credit cards, since 2002, and has made no payments on any credit cards, other than his current Chase Bank Visa, since that time.

10. As a follow up to the January 13th phone call, on January 14, 2016 FCS sent Mr. Munger a form based letter demanding payment on the Chase account in the total amount of $11,945.93.

11. Any payment Mr, Munger made to Chase Bank for a card other than his current Visa occurred more than 6 years prior to January 14, 2016.

12. FCS' collection letter failed to inform Mr. Munger the date of last payment on the account it was attempting to collect, who currently owned the debt, and insinuated that "ARA Inc." has the ability to report this stale debt to the credit bureau, when in fact debts over 7 years cannot reported on one's credit report. In so doing, FCS created a sense

of urgency to payment of the debt.

13. The statute of limitations on a contract in Michigan is six years.

14. FCS regularly attempts to collect debts on which the statute of limitations has expired.

15. The collection letter, attached as Exhibit 1, neither informed Mr. Munger of the delinquent date of the debt nor did it report to him that the statute of limitations had run on the alleged debt.

16. Exhibit 1 did not and does not attach any support for the alleged debt so to give Mr. Munger the information regarding the staleness of the debt.

17. The FCS collection letter was seeking to collect a debt that went into default, and the last payment was made more than six years prior to the dates of the letter.

18. It is the policy and practice of FCS to send letters seeking to collect time-barred debts that do not disclose the fact that the debts are time-barred.

19. It is the policy and practice of FCS to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

20. On February 15, 2016, an attorney for Mr. Munger contacted FCS and

spoke to a person who identified himself as Timothy Johnson. The attorney provided Mr. Johnson with his Michigan State Bar identifying professional number, putting FCS on notice that Mr. Munger was represented by counsel.

21. On February 26, 2016, a Timothy Johnson from FCS, without permission of Mr. Munger's attorney, contacted Mr. Munger by telephone. He admitted receiving the telephone call from Mr. Munger's attorney, and despite several requests from Mr. Munger to talk to his attorney, Johnson kept speaking. He asked Mr. Munger if he was going to pay, and when Mr. Munger referred him to his attorney, Johnson told Mr. Munger that he did not need an attorney to tell him to do the right thing, that he would classify Mr. Munger "as a refusal to pay" and that he would see him in court.

22. At the end of the conversation, Mr. Munger was extremely anxious, and sought medical treatment for elevated heart rate and blood pressure.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated.

24. The class consists of all individuals in Michigan to whom FCS sent a letter seeking to collect a debt that was a consumer debt on which the last payment had been made more than six years prior to the letter, and the letter was sent on or after a date six years prior to the filing of this action, and on or before a date 20 days after the filing of this action.

25. A subclass consists of all individuals in Michigan to whom FCS sent a letter seeking to collect a debt that was a consumer debt on which the last payment had been made more than six years prior to the letter, and the letter was sent on or after a date six years prior to the filing of this action and on or before a date 20 days after the filing of this action, and with whom FCS personally contacted after learning that the individual was represented by an attorney.

26. There are questions of law and fact common to the class, including, *inter alia*:

    a. Whether the statute of limitations had run on the alleged debt; and

    b. Whether the failure to report to the consumer that the statute of limitations had run on the alleged debt was a deceptive collection practice contrary to 15 U.S.C. § 1692e and M.C.L.A. 445.252(f) (i),

      (ii) ; and

   c.    Whether defendant attempts to collect time-barred debts without disclosure of that fact and whether such practice violates the FDCPA and the MDCA; and

   d.    Whether FCS is strictly liable.

27.   There are questions of law and fact common to the subclass, including, *inter alia*:

   a.    Whether the statute of limitations had run on the alleged debt; and

   b.    Whether the failure to report to the consumer that the statute of limitations had run on the alleged debt was a deceptive collection practice contrary to 15 U.S.C. § 1692e and M.C.L.A. 445.252(f) (i), (ii) ; and

   c.    Whether defendant attempts to collect time-barred debts without disclosure of that fact and whether such practice violates the FDCPA and the MDCA; and

   d.    Whether defendant contacted the individual after learning that the individual was represented by an attorney; and

   e.    Whether FCS is strictly liable.

28. The claims of the representative party are typical of the claims of the class in that Plaintiff's claims are aligned with and fairly encompass the claims of the class he seeks to represent, and, in pursuing his own claim, he will advance the interests of the class members.

29. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass. Plaintiff has no interests which are contrary to or in conflict with those of the class and subclass he seeks to represent. Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and to prosecute this action vigorously.

30. Prosecuting separate actions by class members would create the risk that incompatible standards of conduct would be imposed upon the Defendants as opposed to a uniform and collective resolution of the Defendants' liability.

31. Questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights, and

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

32. Absent a representative action, the members of the class will continue to be damaged by Defendants' misrepresentations, thereby allowing these violations of law to proceed without remedy.

33. Defendants receive portfolios of debt in mass and send or cause to be sent letters in mass, and make telephone calls to consumers seeking to collect debts that have been extinguished by the running of the statutes of limitations. The class is so numerous to make class relief the best method of resolving this claim.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(COMMUNICATIONS BY LETTER)**

34. Plaintiff incorporates the preceding allegations by reference.

35. At all relevant times, FCS, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of itself or other individuals or entities.

36. Mr. Munger is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

37. FCS claims Mr. Munger incurred a personal debt to Chase Bank on a Mastercard many years ago for which he was financially obligated to pay and failed to pay.

38. FCS is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

39. FCS is a debt collector which receives debts from creditors or other debt collectors, and tries to collect them. The statute of limitations has run on some or many of those debts.

40. FCS is a debt collector which receives debts from debt purchaser(s) (also known as the "Owner". FCS either collects the debts for a purchaser/owner or hires others to collect debts. The statute of limitations has run on some or many of those debts.

41. FCS knows or should know that the statute of limitations has run on the extinguished debts it is trying to collect yet proceeds to try to collect out of statute/out of stat debts.

42. FCS sends notices of extinguished debts to consumers *en masse* in an attempt to collect a discounted price for those debts. Mr. Munger received

such a notice for an extinguished debt on a Mastercard issued by Chasebank N.A.

43. FCS engages in and continues to engage in a pattern of deceptive collection practices contrary to 15 U.S.C. § 1692e by sending the letter to debtors, including the Plaintiff, and failing to inform them that the debt had been extinguished by the statutes of limitation and/or informing them the date of delinquency, and stating that it, has the ability to "report any derogatory information to the credit bureaus."

44. FCS' foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosures of that fact.

45. The nondisclosure is exacerbated by the terms also used in FCS' letter stating "settlement" and "settled" and placing a 14-day expiration date on defendant's settlement offer, and demanding that "If for any reason this settlement is not met, this offer becomes NULL and VOID and full balance of $11,945.93 will become due." - this falsely represents that (a) the full balance is enforceable, (b) the settlement represents an improvement on the position that the consumer is in (when in fact he is not required to pay

anything on time-barred debt), and (c)failure to accept the settlement will lead to the enforcement of the full balance, and creates a sense of urgency to payment of the debt.

48. Mr. Munger has suffered damages as a result of these violations of the FDCPA.

**REQUEST FOR RELIEF**

Plaintiff Michael Munger, on behalf of himself and others similarly situated, requests:

a. An award of statutory and actual damages;

b. An award of statutory costs and attorney fees; and

c. An award providing for all proper relief, including certification of the class and subclass.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(COMMUNICATIONS BY TELEPHONE AFTER INDIVIDUAL'S RETENTION OF COUNSEL)**

49. Plaintiff incorporates the preceding allegations by reference.

50. Pursuant to 15 U.S.C. 1692c (a)(2) a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt

collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

51. FCS was placed on notice that Mr. Munger was represented by an attorney, and had the attorney's number from which all contact information was available.

52. FCS never communicated with Mr. Munger's attorney, except during the initial conversation.

53. FCS never obtained permission from Mr. Munger's attorney to contact Mr. Munger.

54. 11 days elapsed between the initial conversation with Mr. Munger's attorney and FCS' telephone call to Mr. Munger, and it was not reasonable for Defendant to contact him.

55. FCS' telephone call to Plaintiff on February 26, 2016 violated 15 U.S.C. 1692c(a)(3).

56. Mr. Munger has suffered damages as a result of these violations of the

FDCPA.

**REQUEST FOR RELIEF**

Plaintiff Michael Munger, on behalf of himself and others similarly situated, requests:

a. Award statutory and actual damages;

b. Award statutory costs and attorney fees; and

c. Provide for all proper relief, including certification of the class and subclass

**COUNT III**
**VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L.A. § 445.252(f)(i), (ii)**
**(COMMUNICATIONS BY LETTER)**

57. Plaintiff incorporates the preceding allegations by reference.

58. FCS is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L.A § 445.251.

59. Mr. Munger is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

60. FCS' foregoing acts in attempting to collect the alleged debt violated M.C.L.A. § 445.252(f)(i), (ii).

a) FCS continually and intentionally misrepresented its right to collect

       the debt by causing to be sent or by sending a letter to a consumer who no longer owed the debt sought to be collected.

b) FCS continually and intentionally misrepresented its right to collect the debts by offering a lump sum payment or plan to a consumer who no longer owed the debt sought to be collected.

c) FCS represented that if you 'settle' this account, "ARA Inc. will not report any derogatory information to the credit bureaus."

61. Mr. Munger has suffered damages as a result of these violations of the MCPA.

62. FCS' violations of the MCPA were willful.

63. The violation was concerted and pervasive, deceiving and corrupt, and was part of an economic enterprise and agency.

64. Mr. Munger seeks statutory damages, attorney fees, costs and equitable relief to prevent the course of conduct from continuing into the future.

**REQUEST FOR RELIEF**

Plaintiff Michael Munger, on behalf of himself and others similarly situated, requests:

a. Assumption of jurisdiction over all claims;

  b. An award actual damages in excess of the statutory damages equal to any payment made toward any debt for which the statute of limitations had run and order that any debt revived by Defendant's practice be cancelled;

c. An award statutory damages;

d. An award statutory costs and attorney fees; and

e. An award providing for all proper relief, including equitable relief, to prevent FCS from continuing its deceptive and deceitful communications to Michigan consumers.

**COUNT IV**
**VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L.A. § 445.252(h)**
**(COMMUNICATIONS BY TELEPHONE AFTER INDIVIDUAL'S RETENTION OF COUNSEL)**

65. Plaintiff incorporates the preceding allegations by reference.

66. FCS is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L.A § 445.251.

67. Mr. Munger is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

68. Pursuant to M.C.L.A. § 445.252(h) defendant is prohibited from

communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication.

69. Mr. Munger was actively represented by an attorney on February 26, 2016.

70. FCS knew the attorney's name and professional number and could readily ascertain the attorney's contact information from same.

71. FCS never sent Mr. Munger's attorney a written communication, and thus never triggered the duty to discuss the claim or the 30 day period in which to do so.

72. FCS' telephone call to plaintiff on February 26, 2016 was a violation of M.C.L.A. § 445.252(h).

73. Mr. Munger has suffered damages as a result of these violations of the MCPA.

74. These violations of the MCPA were willful.

75. The violation was concerted and pervasive, deceiving and corrupt, and was part of an economic enterprise and agency.

76. Mr. Munger seeks statutory damages, attorney fees, costs and equitable relief to prevent the course of conduct from continuing into the future.

**REQUEST FOR RELIEF**

Plaintiff Michael Munger, on behalf of himself and others similarly situated, requests:

a. Assumption of jurisdiction over all claims;

b. An award actual damages in excess of the statutory damages equal to any payment made toward any debt for which the statute of limitations had run and order that any debt revived by Defendant's practice be cancelled;

c. An award statutory damages;

d. An award statutory costs and attorney fees; and

e. An award providing for all proper relief, including equitable relief, to prevent Defendants from continuing their deceptive and deceitful communications to Michigan consumers.

ROY, SHECTER & VOCHT, P.C.
/s/Michelle E. Vocht
Michelle E. Vocht (P32924)
Attorney for plaintiff
707 S. Eton St.
Birmingham, MI 48304
(248) 540-7660 (Office)
(248) 540-0321
vocht@rsmv.com

**JURY DEMAND**

Plaintiff, on behalf of himself and others similarly situated to him, requests a jury trial for those claims triable by jury.

ROY, SHECTER & VOCHT,P.C.

/s/Michelle E. Vocht
Michelle E. Vocht (P32924)
Attorney for plaintiff
707 S. Eton St.
Birmingham, MI 48304
(248) 540-7660 (Office)
(248) 540-0321
vocht@rsmv.com