UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MUNGER,

    Plaintiff, on behalf of himself and others similarly situated,

v.

FINANCIAL CREDIT SERVICE, INC., d/b/a ASSET RECOVERY ASSOCIATES, INC. ("ARA, Inc."),

    Defendant.

Case No. 16-11008
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO VACATE ENTRY OF DEFAULT [15]**

    This putative class action, alleging that Defendant Financial Credit Service, Inc. (FCS) violated a host of federal and state consumer credit provisions, is before the Court on FCS's motion to set aside the Clerk's entry of default. After careful consideration of the briefs and thorough review of the record, the Court finds that oral argument will not aid in resolving the pending motion. *See* E.D. Mich. LR 7.1(f)(2). Because the Court finds good cause to set aside the default, FCS's motion will be granted.

    Plaintiff Michael Munger filed this case on March 18, 2016. (*See* R. 1.) FCS's registered agent was served with summons on April 13, 2016. (R. 9.) But no answer or other response followed. So on May 5, 2016, the day after the response deadline, the Clerk entered default at Munger's request. (*See* R. 11–12.)

    FCS contends that a miscommunication with its registered agent caused the default. FCS's Secretary, Mario Bianchi, avers that in the rare times that FCS is served via its registered agent, the agent will mail a copy of the summons to FCS. (R. 15–1, PID 69.) In this case,

however, Bianchi says the registered agent did not mail a copy. (R. 15–1, PID 70.) Instead, the registered agent uploaded the summons into an online account for FCS and sent FCS an electronic notice about the upload, but no one from FCS viewed the upload. (*Id.*) After the agent called FCS to inquire, an FCS representative instructed the agent to FedEx the summons and said that the representative would call back with a FedEx account number. (*Id.*) But neither FCS's representative nor the registered agent followed up, so the registered agent never mailed a copy of the summons. (*Id.*)

As a result, Bianchi says that FCS did not realize it had been sued by Munger until May 19, 2016—when Munger's counsel served FCS's record keeper with a subpoena for a deposition relating to class certification discovery. (R. 15–1, PID 69; *see also* R. 18–1.) According to Bianchi, he then investigated whether FCS had received the summons, and FCS retained counsel to assist with the case. (*Id.*) FCS's motion to set aside the default followed shortly afterward, on June 3, 2016. (R. 15.)

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." The Sixth Circuit has characterized its Rule 55(c) precedent as "extremely forgiving to the defaulted party and favor[ing] a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (citing cases). The Court must consider three factors to determine whether to set aside a default: (1) "[w]hether the plaintiff will be prejudiced"; (2) "[w]hether the defendant has a meritorious defense"; and (3) "[w]hether culpable conduct of the defendant led to the default." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (citations omitted).

Here, each factor weighs in favor of setting the default aside. To start, Munger has failed to demonstrate that he will suffer any prejudice if the default is set aside. Shortly after discovering the default, FCS moved to set it aside—a mere month after its answer was initially due. *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002) (finding no prejudice where defaulting party "moved to vacate . . . judgment immediately upon discovering the default, and that motion was filed less than 30 days after the date the answer to the complaint was due"). Munger's response seems to assert that he would be prejudiced if the default were set aside simply because it would delay his motion for class certification by several months. (R. 18, PID 82.) But "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted).

Regarding the second factor, FCS has pointed to several defenses. First, FCS says that to the extent Counts I and III complain of a collection letter FCS sent Munger allegedly in violation of the federal Fair Debt Collection Practices Act and the Michigan Collection Practices Act, Munger's allegations do not meet the injury-in-fact requirement for Article III standing. (R. 15, PID 63–65 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (noting that a "bare procedural violation, divorced from any concrete harm" does not satisfy Article III standing)).) Second, as a defense to Count II, FCS argues that any violation of the FDCPA's bar from communicating directly with debtors represented by counsel, *see* 15 U.S.C. § 1692c(a)(2), was a bona fide error due to its internal policies and procedures prohibiting such practices. (R. 15, PID 65 (citing 15 U.S.C. § 1692k(c) (setting forth bona fide error defense)).) Third, FCS argues that all of Munger's Counts are deficient because Munger "makes no allegation regarding why the underlying debt accrued" and thus whether it is within the scope of the Michigan and federal statutes protecting *consumer* debtors. (R. 15, PID 65–66.)

3

In response, Munger disputes the merits of FCS's first two defenses. He does not appear to mention the third, though the Court notes that the defense appears at odds with the complaint, which indeed alleges the relevant debt was consumer debt, (*see* R. 1, PID 10). In any event, despite Munger's lengthy arguments against FCS's defenses, Munger never acknowledges the low bar for establishing a meritorious defense for purposes of this inquiry: "to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (quoting *INVST Financial Grp.*, 815 F.2d at 398–99). The Court finds that FCS has, at the very least, created "a hint of suggestion" of a defense to Munger's claims.

As for the final factor, Munger has failed to persuade the Court that FCS's default resulted from culpable conduct. Munger cites a host of authority under different rules of procedure to urge that FCS's shortcomings cannot be deemed "excusable neglect." (R. 18, PID 80.) But that is not the standard under Rule 55(c). As the Sixth Circuit has made clear, "it is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* The Court finds no reason to believe that FCS intended to thwart or had reckless disregard for these proceedings. As discussed, FCS appears to have had a communications or procedural lapse with its registered agent. Once FCS realized it had been sued, it retained counsel and promptly filed this motion.

4

Moreover, when, as here, "a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *$22,050.00 U.S. Currency*, 595 F.3d at 324 (alteration in original) (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at, 194). Nothing suggests FCS has willfully failed to appear.

Accordingly, as all three factors weigh in favor of setting aside the default, the Court finds good cause to do so.

Finally, Munger asks the Court to award costs and fees if the default is set aside. The Court declines to do so. Munger has suggested that he had to retain an investigator to be able to serve the subpoena on FCA for class certification discovery. But Munger makes no mention of the investigator's cost. Nor does he explain how any of the other actions taken in connection with the subpoena—hiring a court reporter for the deposition, for instance—were amplified by the default.

Accordingly, IT IS ORDERED that Defendant's Motion to Vacate the Default (R. 15) is GRANTED.  Defendant's Answer to the Complaint is due September 16, 2016.

SO ORDERED.

                                                           s/Laurie J. Michelson
                                                           LAURIE J. MICHELSON
                                                           UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 2, 2016.

                                      s/Jane Johnson
                                      Case Manager to
                                      Honorable Laurie J. Michelson